IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 21-147 |
| | ) |
| TANNER VIROSTEK. | ) |

**OPINION and ORDER**

Presently before the Court is Defendant Tanner Virostek's Motion for § 3582(c)(2) Sentence Reduction. ECF No. 87. Mr. Virsotek requests a retroactive sentence reduction under Amendment 821 to the United States Federal Sentencing Guidelines. The government filed a Response opposing a sentence reduction. ECF No. 92. For the following reasons, Mr. Virostek's Motion will be denied.

**I.      Applicable Law**

Section 3582(c)(2) of Title 18 allows a court to reduce a term of imprisonment where the defendant's original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 821 to the United States Sentencing Guidelines amended § 4A1.1(e), and it created § 4C1.1, which benefits qualifying defendants, either through a lower criminal history score (§ 4A1.1(e)) or through a lower offense level (§ 4C1.1). Amendment 821 became effective November 1, 2023.

First, newly amended § 4A1.1(e) addresses whether "status" points are added to a defendant's criminal history score, based upon whether the defendant committed "the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(e). Amendment 821

revises how such "status" points are calculated for defendants. Prior to Amendment 821, any offender, who committed their present offense while under a criminal justice sentence, was assigned 2 status points, regardless of their criminal history points. Now, offenders who have 6 or fewer criminal history points, as calculated under § 4A1.1(a)-(d), are not assigned any status points, while those who have 7 or more points are assigned 1 status point.

Second, newly created § 4C1.1 provides for a two-level decrease in a defendant's offense level, if "the defendant did not receive any criminal history points from Chapter Four" and otherwise meets the remaining criteria of § 4C1.1. U.S.S.G. § 4C1.1(a)(1). As a result, qualifying defendants will now have a reduced offense level, which results in a reduction of their recommended guideline sentencing range.

Finally, relevant to both guideline sections, Amendment 821 has been made retroactive to offenders whose guideline sentencing range has been lowered pursuant to Amendment 821 and who are currently serving a term of imprisonment. As such, qualifying defendants are eligible to receive a reduced sentence. USSG § 1B1.10(a)(1), (d).

The United States Supreme Court has set forth a "two-step inquiry" for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted. *Dillon v. United States*, 560 U.S. 817 (2010). At Step One, the court is "to follow the Commission's instructions from § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 826. Section 1B1.10(b)(1) instructs a court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant

was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1). "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

## II. Discussion

At sentencing, Mr. Virostek was determined to have a total criminal history score of eleven, which included two status points for having committed the present offense while under a criminal justice sentence, as set forth in § 4A1.1(e). His criminal history score of eleven equates to a criminal history category of V. The guideline sentencing range for a criminal history category of V and an offense level of 23 is 84 to 105 months' imprisonment. However, Mr. Virsotek was sentenced to an agreed-upon term of imprisonment of 87 months, pursuant to the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) agreement.

### A. Application of the Amendment

Mr. Virostek is only eligible for removal of one of the status points pursuant to section 4A1.1(e), because, as calculated under § 4A1.1(a)-(d), he has seven or more criminal history points, and is therefore assigned one status point, instead of the two status points originally assigned. With the one-point reduction, Mr. Virsotek's total criminal history score of eleven is reduced to ten. However, a criminal history score of 10 still equates to a criminal history category of V. Therefore, Mr. Virostek's guideline sentence range remains unaffected by application of section 4A1.1(e), even though his criminal history score was lowered. The bottom line is that application of the retroactive amendment to Mr. Virostek "does not have the effect of

lowering the defendant's applicable guideline range[]" prior to any variance or departure. U.S.S.G. § 1B1.10 (a)(2)(B). Accordingly, his Motion will be denied.

### B. Waiver of Right to File a § 3582(c) Motion

In opposing a reduction, the government also argues that the parties' Rule 11(c)(1)(C) Plea Agreement forecloses consideration of the instant motion because Mr. Virostek expressly waived his right to file a motion seeking relief under 18 U.S.C. § 3582(c)(2). This is correct. In his plea agreement, Mr. Virostek explicitly "agrees that he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission." Plea Agr. ¶ C.5. The decision to place the § 3582(c)(2) waiver language within the section pertaining to Rule 11(c)(1)(C), makes practical sense. The government is seeking to obtain the defendant's agreement that he will not seek a reduction of the specific, agreed-upon sentence, pursuant to Rule 11(c)(1)(C).

The parties' agreed-to sentence was the result of negotiations on both sides. If later, events occur to suggest that the defendant is entitled to a lowered sentence, the government bargained for and obtained a provision that would bar the defendant from seeking to lower that agreed-upon sentence. In other words, the government, by seeking a waiver of the right to file such a motion (a motion that is not an attack on the judgment or sentence), is doing exactly what Justice Sotomayer said the government should do in such situations:

> If the Government wants to ensure *ex ante* that a particular defendant's term of imprisonment will not be reduced later, the solution is simple enough: Nothing prevents the Government from negotiating with a defendant to secure a waiver of his statutory right to seek sentence reduction under § 3582(c)(2), just as it often does with respect to a defendant's rights to appeal and collaterally attack the conviction and sentence.

*Freeman v. United States*, 564 U.S. 522, 541 (2011) (Sotomayer, J., concurring) holding modified by *Hughes v. United States*, 584 U.S. 675, 138 (2018)).

During change of plea proceedings, this Court verified that defense counsel had reviewed the plea agreement with his client. This Court also verified with defendant that his counsel had reviewed the plea agreement with him, and the Court verified with the defendant that he had read the plea agreement or is otherwise familiar with the terms of the plea agreement. In addition, the Court's imposition of sentence was specifically based upon the parties' agreement that concurrent terms of 87 months' imprisonment should be imposed.

The Court was also aware that as part of the plea agreement, Mr. Virostek pleaded guilty to a lesser included offense of possession with intent to distribute methamphetamine at Count 1, which meant that he would not face a mandatory 60-month minimum sentence had he pleaded guilty (or was convicted) of the original charge at Count 1. Mr. Virostek also did not plead guilty to Count 3, a charge of possession of a firearm in furtherance of a drug trafficking crime, which not only required imposition of a mandatory 60-month sentence, but also, that the 60-month sentence must be imposed consecutive to any other sentence. By not being required to plead guilty to charges that carried minimum sentences of 60 months' imprisonment, Mr. Virostek received the benefit of not facing a mandatory minimum term of 120 months' imprisonment. The above explanation of the Court's consideration of the Rule11(c)(1)(C) agreement also demonstrates, as argued by the government, that the Court's sentence was driven by the parties' plea agreement, not the calculated guideline sentence range. *See Hughes*, 584 U.S. at 687.

Because the government and Mr. Virostek expressly agreed to a waiver of Mr. Virostek's statutory right to seek a sentence reduction under § 3582(c)(2) when negotiating and executing the Plea Agreement, the Court concludes that Mr. Virsotek is bound by his Plea Agreement and the waiver will be enforced. Significantly, the parties presented to the Court an agreed-upon sentence of 87 months. The Court accepted the parties' agreement, and pursuant to Rule

11(c)(1)(C), the agreement was binding upon the Court. Accordingly, this Court did sentence Mr. Virsotek pursuant to the Rule 11(c)(1)(C) agreement. Because Mr. Virostek agreed that he would not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered, the present Motion will be denied.

### III.  Conclusion

Mr. Virsotek's Motion for reduced sentence will be denied. An appropriate Order follows.

### ORDER

AND NOW, this 21st day of July 2025 it is hereby ORDERED that Tanner Virostek's Motion for § 3582(c)(2), Sentence Reduction. ECF No. 87, is DENIED.

s/*Marilyn J. Horan*
United States District Judge

Tanner Virostek, pro se
Reg. No. 33300-509
FCI ELKTON
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 10
LISBON, OH  44432